UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN ESBER MANZUR,<br><br>                Petitioner,<br>    v.<br>STATE OF NEVADA,<br><br>                Respondents. | Case No. 3:16-cv-00571-MMD-VPC<br><br>ORDER |

Petitioner, a Nevada prisoner, has filed a document styled as a "Motion for Modification of Sentence," which the Court construes as petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner has failed to submit an application to proceed *in forma pauperis* or pay the filing fee. Accordingly, this matter has not been properly commenced. 28 U.S.C. § 1915(a)(2) and Local Rules LSR1-1, 1-2.

Thus, the present action will be dismissed without prejudice to the filing of a habeas petition pursuant to 28 U.S.C. § 2254 *on the form required by this Court* in a new action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six (6) months and a properly executed financial certificate.

Further, the Court notes that petitioner has not named his custodian as a respondent. Under Rule 2(a) of the Rules Governing § 2254 cases, petitioner must name as a respondent the officer who has current custody of petitioner — usually the

warden of the prison. Failure to name the custodian as respondent deprives the Court of personal jurisdiction. *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003).

In addition, the Court notes that petitioner appears to have a previous case under 28 U.S.C. § 2254 with respect to the conviction challenged in this newly-submitted petition: *Manzur v. Williams*, 2:07-cv-00384-JCM-RJJ. In that proceeding, the court dismissed the petition with prejudice based on a finding it was untimely-filed. (ECF No. 32, 2:07-cv-00384-JCM-RJJ.) If that is the case, petitioner is advised that 28 U.S.C. § 2244(b) requires him to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that the dismissal of a federal petition on the ground of untimeliness is a determination "on the merits" for purposes of § 2244(b)).

It is therefore ordered that this action is dismissed without prejudice to the filing of a petition in a new action with either the $5.00 filing fee or a properly completed application form to proceed *in forma pauperis*.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

It is further ordered that the Clerk send petitioner two (2) copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one (1) copy of the instructions for each form, and a copy of the papers that he submitted in this action.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 17 day of October 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE